Mr. Chief Justice Shahkev
delivered the opinion of the court.
The complainant filed his bill to rescind and cancel a gift made by him to the defendants, his children. All the allegations in the bill, in regard to the manner, purpose, object and inducement for executing the writing, are denied by the answers. The whole matter, therefore, rests upon the construction and effect of the writing: It is not under seal, and cannot, therefore, be dignified by the name of “deed.” After giving to each of the children certain negroes, naming those given to each, the donor proceeded to give to his said children, jointly, thirteen other negroes, to be equally divided, retaining to himself the possession and use of the last mentioned negroes for life, and after his death they were to be divided.
It appears, that the children took possession of the negroes first given, and have continued to hold them. So far as these negroes are concerned, therefore, the gift became complete, by delivery, and cannot be interrupted. The delivery alone, and not the writing, vested the title. But the writing cannot have any Validity in regard to those that were retained, during the life of the donor. Even if it had been a deed, it would fall within the rule already established by this court, in the case of Marshall v. Pulgham. It could only be regarded as a contract, and as such, could not be enforced.
Although this writing was recorded, it was improperly admitted to record without proof, and derives no additional validity from that fact.
The decree of the chancellor must be reversed, and the instrument cancelled, not, however, to affect the right of the property delivered.